OPINION
{¶ 1} Plaintiff-appellant Alfredo Caceres ("Alfredo") brings this appeal from the judgment of the Court of Common Pleas of Marion County.
 {¶ 2} On January 23, 1996, Alfredo and Leticia Caceres ("Leticia") were married in West Orange, New Jersey. Alfredo and Leticia were both originally from Honduras. Alfredo came to this county legally, but Leticia entered the country illegally in 1995. During the marriage the couple had three children: Philip Brandon Caceres (D.O.B. 1-19-1997), Zaira Ninel Caceres (D.O.B. 8-12-2001), and Littzy Zamira Caceres (D.O.B. 8-12-2001). Leticia left the marriage with the children on March 10, 2004, and sought refuge in a domestic violence shelter. On March 18, 2004, the trial court made a finding of domestic violence and issued a five year civil protection order. This entry gave Leticia temporary custody of the children.
 {¶ 3} On April 1, 2004, the first pretrial hearing was held. Notice was given to the United States Customs and Immigration Services ("USCIS") that Leticia would be at the hearing and an agent arrested Leticia after the hearing. Despite this, the trial court named Leticia to be the residential parent unless she was deported. Alfredo did receive temporary custody of the children until Leticia could arrange her release from USCIS. The children were returned to Leticia on May 4, 2004.
 {¶ 4} A final hearing was held on the divorce on September 23, 2004. Alfredo presented numerous witnesses. However, three of Alfredo's witnesses who were subpoenaed failed to appear. Alfredo requested a continuance, but the request was denied. On October 8, 2004, the trial court entered its judgment granting the divorce. The trial court granted residential parent status to Leticia and ordered that Alfredo's income be imputed at $75,000. Alfredo appeals from this judgment and raises the following assignments of error.
The trial court erred to the prejudice of [Alfredo] by awarding custodyto [Leticia] when [Alfredo] was the better parent and [Leticia] was onbond awaiting a trial on deportation as an illegal alien.
 The trial court erred to the prejudice of [Alfredo] by finding that hisincome is imputed at $75,000.00 for child support calculations.
 The trial court erred and abused its discretion in denying [Alfredo's]motion for continuance when three subpoenaed witnesses failed to appearfor the trial.
 {¶ 5} In the first assignment of error, Alfredo claims that the trial court erred by failing to find that he is the better parent. Decisions concerning child custody matters are within the sound discretion of the trial court. In re T.C., 140 Ohio App.3d 409, 2000-Ohio-1769,747 N.E.2d 881. The trial court's ruling may only be reversed if an abuse of that discretion has occurred. Id. In this case, no testimony was presented that Leticia was an unfit mother. To the contrary, Alfredo admits that Leticia is a suitable mother, but claims that he is the better choice. The testimony of David Reed ("Reed"), the Family Service Coordinator, along with his written report, indicated that Alfredo "repeatedly encouraged the children to say negative things about, um, their mother or reject their mother while I was there." Tr. 264. Reed also testified that Leticia had been the primary caregiver for the children from birth and had appropriate and varied discipline techniques while Alfredo told Reed that he did not discipline the children. Reed concluded that in his opinion, placement with Leticia would be in the best interest of the children. Given this testimony along with the absence of evidence that Leticia is not a suitable parent, the trial court could reasonably conclude that it was in the best interests of the children for Leticia to be designated the residential parent. The first assignment of error is overruled.
 {¶ 6} Alfredo's second assignment of error was that the trial court erred by imputing income in the amount of $75,000.00 for child support calculations. Alfredo claims that the trial court erred because he only earns approximately $30,000.00 per year and that he was not voluntarily underemployed. The determination as to whether a parent is voluntarily underemployed is one of fact to be determined by the trial court. Bentleyv. Bentley, 3rd Dist. No. 9-04-09, 2004-Ohio-5100 at ¶ 10. The trial court's findings will not be disturbed absent an abuse of discretion. Id.
 {¶ 7} In this case, Alfredo testified that although he had started 2004 with a job that paid $30,000.00, he had previously made $75,000.00 a year. Tr. 157. He also testified that two weeks prior to trial he had been offered a job for $80,000.00 a year with benefits. Id. He turned down the job at that time, but expected it to be offered to him again in a month. Id. Finally, he testified that once the divorce was over, he expected to be earning approximately $75,000.00 again. Id. at 158. On cross-examination, Alfredo admitted that in 2001 he earned $42,428 at his job, in 2002 he earned $66,159, and in 2003, he earned $69,930. Id. at 189. The difference between the salary of $30,000.00 and the amount paid was the amount Alfredo earned in commissions. Id. Alfredo had voluntarily quit his job in March of 2003 and started his own company in order to spend more time with his children. Id. at 190. Alfredo also stated that he speaks three languages and can read a fourth. Id. at 191. Given the testimony of Alfredo, the trial court could reasonably conclude that Alfredo was voluntarily underemployed. The trial court could also reasonably impute income of $75,000.00 to Alfredo since he personally testified that he would be making at least that much and had been offered a job with benefits for more than that amount just two weeks prior. Thus, the trial court did not abuse its discretion and the second assignment of error is overruled.
 {¶ 8} In the third assignment of error, Alfredo claims that the trial court erred in denying his motion to continue since three of his subpoenaed witnesses did not appear. Alfredo claims that the delay in service was beyond his control because his process server was found dead before service was made. The decision whether to grant a continuance is within the sound discretion of the trial court. In re T.C., supra. The decision to grant a continuance is a balancing test between the trial court's need to control its docket and the prejudice that will result from the denial. Id. In this case, Alfredo did not proffer the testimony of the absent witnesses, so no determination of prejudice can be made.[1]
Thus, this court has no basis for finding an abuse of discretion by the trial court. The third assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Marion County, Domestic Relations Division, is affirmed.
Judgment affirmed.
 Cupp, P.J., and Rogers, J., concur.
[1] Additionally, the trial was scheduled as of May 26, 2004. However, Alfredo never obtained service on Barahora Badirque, Leticia's brother. Alfredo did not attempt service on John Gall until September 14, 2004, and did not attempt service on Theresa Guardado until September 20, 2004. Thus, Alfredo's failure to issue subpoenas at an earlier time helped contribute to the need for the continuance.