OPINION
{¶ 1} Appellant Angelica Cross ("Cross") brings this appeal from the judgment of the Court of Common Pleas of Allen County, Juvenile Division terminating her parental rights.
 {¶ 2} Melissa was born on March 30, 2005, to Cross and Tony Barnes. On April 4, 2005, Melissa was placed in the temporary custody of the Allen County Children Services Board ("the Agency") following a shelter care hearing. The Agency alleged in its complaint of April 7, 2005, that Melissa was a dependent child and requested a grant of temporary custody. Melissa was found to be a dependent child on May 11, 2005. On August 22, 2005, the trial court granted temporary custody of Melissa to the Agency. The Agency filed its motion for permanent custody on January 18, 2007. A hearing was held on the motion on May 2, 2006. Cross was not present at the hearing and her attorney's request for a continuance was denied. On January 8, 2007, the trial court granted permanent *Page 3 
custody to the Agency. Cross filed an appeal on January 21, 2007, and raised the following assignment of error.
 The trial court erred in not granting [Cross] a continuance of the permanent custody hearing.
 {¶ 3} The sole assignment of error claims that the trial court erred in denying the motion for a continuance. The decision whether or not to grant a continuance is within the sound discretion of the trial court.Caceres v. Caceres, 3rd Dist. No. 9-04-60,2005-Ohio-1915. "The decision to grant a continuance is a balancing test between the trial court's need to control its docket and the prejudice that will result from the denial." Id. at ¶ 8. Here, the following discussion took place at the hearing.
 Mr. Lawson: * * * On behalf of the mother, Angelica Cross, I would like to request a continuance of this matter. I have been unable to contact my client for several months. I do not know of her address or any phone number. Our attempts to discover that through various means have been unsuccessful, including calling the agency to find out where she is currently residing. Also, I'm concerned that the mother may not know of today's proceedings. Accordingly, I believe that until we're sure that she has been notified and had the ability to talk with counsel, that we should not proceed. Thank you.
 * * *
 Mr. Schierloh: I would oppose his motion for a continuance, Your Honor. I have been involved in this case. I, myself, personally have gone out to the mother's last three known residences here in the last probably thirty days, and she has not been around. I believe she has not made herself appear at any of the most recent court hearings including the February court *Page 4 date she has been involved. (sic) She knows what's going on. She knows where this child has been; she has refused to participate not only in this proceeding as well as with her child. So I believe in the best interest of the minor child, Melissa, I believe that the Court should go forward today and deny the request.
 Judge Kinworthy: All right. Thank you. Mr. Hopkins?
 Mr. Hopkins: The same position as Mr. Schierloh. It's been about a year, but with mom we have been involved a lot longer. Two agency representatives have spoken to mom within the last two or three months, and she is aware of today's hearing. I think it's her conscious choice not to be here, and I would ask the Court to deny that request.
 Judge Kinworthy: Anything further Mr. Lawson?
 Mr. Lawson: No, Your Honor.
 Judge Kinworthy: The Court, at this time, under the circumstances presented by the parties and considering further that the mother as well as the father have both been notified, although constructively and in accordance with law, the Court at this time, will deny the request for continuance.
Tr. 3-5. A review of the record indicates that on February 23, 2006, the trial court ordered publication of notice by posting and mail. This method of service is specifically allowed by Juvenile Rule 16. Since the trial court complied with the rules, the trial court did not err in determining that Cross received constructive notice of the hearing at a minimum. No additional evidence was presented to indicate that the notice to Cross was insufficient. Therefore, the trial court did not *Page 5 
abuse its discretion in denying the motion to continue the hearing due to the lack of notice to a party. The assignment of error is overruled.
 {¶ 4} The judgment of the Court of Common Pleas of Allen County, Juvenile Division, is affirmed.
Judgment Affirmed.
 SHAW and PRESTON, JJ., concur. r *Page 1